STOREY & MILLER
COURT REPORTERS
601 W. RIVERSIDE
SUITE 1030
SPOKANE, WA 99201

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 26 2002

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Harry J.F. Korrell
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688
(206) 622-3150

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

PACIFIC AEROSPACE &
ELECTRONICS, INC., a Washington
corporation,

    Plaintiff,

v.

EDWARD TAYLOR, an individual, and
KRISTEN TAYLOR, an individual, and
their marital community; JAMES PETRI,
an individual and JANE DOE PETRI, and
their marital community; and RAAD
TECHNOLOGIES, a Washington
corporation,

    Defendants.

No. CS-02-0412-FVS

COMPLAINT FOR INJUNCTIVE RELIEF

**Jury Trial Demanded**

Plaintiff Pacific Aerospace & Electronics, Inc., as its Complaint against Edward Taylor, Kristen Taylor, James Petri, Jane Doe Petri, and RAAD Technologies, Inc., alleges as follows:

## I. PARTIES

1.   Plaintiff Pacific Aerospace & Electronics, Inc. is a publicly traded Washington corporation, with its principal place of business in Wenatchee, Washington.

Complaint for Injunctive Relief - 1

ORIGINAL

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

SEA 1288938v1 46289-23

2. Defendant Edward Taylor is a former employee of Pacific Aerospace & Electronics, Inc. and currently resides in East Wenatchee, Washington. He is married to Defendant Kristen Taylor. All acts alleged herein were done for themselves and for their marital community.

3. Defendant Kristen Taylor is a former employee of Pacific Aerospace & Electronics, Inc. and currently resides in East Wenatchee, Washington. She is married to Defendant Edward Taylor. All acts alleged herein were done for themselves and for their marital community.

4. Defendant James Petri is a former employee of Pacific Aerospace & Electronics, Inc. and currently resides in Wenatchee, Washington. He is married to Defendant Jane Doe Petri. All acts alleged herein were done for themselves and for their marital community.

5. Defendant RAAD Technologies, Inc. ("RAAD") is believed to be a Washington corporation, doing business in the State of Washington, with its principal place of business in Wenatchee, Washington.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over Defendants and the subject matter of this action because they are residents of this state and have committed tortious and other acts in this state, out of which this action arises.

7. This Court is a proper venue in that a substantial part of the events giving rise to this claim occurred in Chelan County, Defendants have conducted business in Chelan County, RAAD's principal place of business is in Chelan County, and because Defendants Edward Taylor, Kristen Taylor, and James Petri reside in Chelan County. RCW 4.12.025.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the acts of Defendants constitute violations of federal law, including the

Complaint for Injunctive Relief - 2

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square - 1501 Fourth Avenue
Seattle, Washington 98101-1688

Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq. This Court has supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367.

## III. FACTS

9. Pacific Aerospace & Electronics, Inc. ("Pacific Aerospace") is an engineering and manufacturing company with operations in the United States and the United Kingdom. Pacific Aerospace specializes in designing and manufacturing technically demanding ceramic and metal components and electronic assemblies for global leaders in the aerospace, defense electronics and weapons systems, medical implants, communications, and geotechnology industries. Pacific Aerospace is comprised of three divisions, Aerospace Components (U.S.), Aerospace Components (Europe), and Electronic Components (U.S.).

10. Pacific Aerospace designs and manufactures hermetically-sealed housings for its customers' extremely sensitive electronic circuitry. In this regard, Pacific Aerospace is entrusted to develop and create the components that protect the electronic "brains" of customers' products, yet still allow electronic information to flow through a protective barrier.

11. Encasing electronic components is a highly technical process. The electronic technologies used by Pacific Aerospace's customers are highly sensitive and can be damaged by extreme temperatures, corrosives, vibrations, or other conditions present in the environments in which these technologies are used. These conditions are encountered in commercial and military aerospace applications and other demanding industrial applications creating high heat or extreme cold, including oil and space exploration. They are also encountered when surgical implants are placed inside the human body.

Complaint for Injunctive Relief - 3

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

12. Such applications require a high degree of engineering sophistication and precision manufacturing capability. Pacific Aerospace has invested substantial time and resources developing such capacity and continues to spend resources both to improve upon its existing technology and to create new technologies and processes in aid of its business. Pacific Aerospace typically obtains several patents per year.

13. One of the main reasons Pacific Aerospace is an industry leader in providing such hermetically-sealed components is its invention and development of a proprietary patented technology, called "Kryoflex." Kryoflex is a substance composed of a family of polycrystalline ceramics developed for the purpose of hermetically sealing together materials used in electrical "feedthrus." It is very effective at prohibiting the influx of any fluids or gases from around electronic connectors and into internal electronic circuitry. Kryoflex replaces the conventional processes used to hermetically seal electronic circuitry, which often used glass or "metallized alumina ceramics." Kryoflex is more durable than glass or metallized ceramics and can withstand greater extremes of electrical conductivity, thermal shock, and vibration. Unlike glass seals, Kryoflex does not propagate cracks, thereby increasing its long-term reliability.

14. Pacific Aerospace has also developed a proprietary process that enables customers to choose the most suitable metals for their design, eliminating the need to compromise on design materials in order to ensure that components are compatible for welding. Called "Explosively Welded Stack" or "EWS," the process bonds two otherwise incompatible metals metallurgically, via a controlled explosion. This results in a component with a different metal alloy on each side. One side is the ideal metal for protecting electronic components, and the other

Complaint for Injunctive Relief - 4

SEA 1288938v1 46289-25

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

allows the component to be welded to other parts of a design comprised of like kinds of metals.

15. Absent this process, the customer would either have to compromise the ideal metal for its designs or solder otherwise incompatible metals together. Soldering two incompatible metals together makes for a less reliable joint, subjecting the assembly to the primary cause of failure in such hermetically sealed packages—solder joint fatigue. Using EWS, Pacific Aerospace is able to make a joint between components that is more reliable than the joints made by its competitors.

16. As a result of these and other proprietary technologies and processes, Pacific Aerospace is a leading supplier of high performance connectors, filters, and interconnect systems that require superior performance and reliability under conditions of stress and in hostile environments. For instance, Pacific Aerospace has manufactured components used on the Space Shuttle, Hubble Telescope, the International Space Station, and the Longbow Hellfire Modular Missile system packages used with the Apache Helicopter. Likewise, Pacific Aerospace is a leader in designing and machining hermetic seals for electronic implants in the human body, such as pacemakers.

17. Defendant Edward Taylor was employed by Pacific Aerospace in its Wenatchee offices from July 1, 1991, to August 22, 2002, when he resigned. From early in his employment until the time he left Pacific Aerospace, he held the position of Vice President for Engineering and Technology. In this position, Taylor was responsible for essentially two things: inventing and selling. It was Taylor's job to think of and develop new technologies that would enable Pacific Aerospace to better meet its customer's needs. Taylor typically wrote several patents per year on behalf of Pacific Aerospace. Pacific Aerospace invested a

Complaint for Injunctive Relief - 5

SEA 1288935v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

1  great amount of time and resources in educating Taylor to be able to perform these
2  tasks. Additionally, Taylor was charged with marketing Pacific Aerospace
3  technology through direct contact with customers in the field.

4      18.    During the course of his employment, Edward Taylor was given
5  access to sensitive proprietary information concerning Pacific Aerospace's
6  processes and technologies. As the author of certain patents owned by Pacific
7  Aerospace, Edward Taylor had an intimate understanding of the patented and other
8  proprietary technology, including Kryoflex and EWS, that distinguishes Pacific
9  Aerospace from other companies in the market. Edward Taylor was given access
10 to such information because of his position at Pacific Aerospace and for the
11 purpose of furthering Pacific Aerospace's business interests.

12     19.    Edward Taylor was also entrusted with sensitive strategic and product
13 development information, as well as the company's client and prospective
14 customer lists. More specifically, Edward Taylor was given access to information
15 about pricing, costs, and other sensitive information about the company's business
16 and its customers. He was entrusted with this information and with the company's
17 client relationships in order to protect and further develop such relationships for
18 the company's benefit.

19     20.    Edward Taylor executed an Invention and Confidential Information
20 Agreement in 1994. Under this agreement, Edward Taylor agreed to maintain the
21 confidentiality of company information and to assign to the company any rights to
22 inventions he made or conceived during his employment with the company.

23     21.    In 1997, Edward Taylor signed an Employment Agreement, providing
24 him employment for a specific term. In Article 5.1, Taylor committed to maintain
25 the secrecy of and not to use or disclose the company's confidential information,
26 including customer information, except as authorized by the company and for its

Complaint for Injunctive Relief - 6

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square - 1501 Fourth Avenue
Seattle, Washington 98101-1688

benefit. Edward Taylor also agreed to assign the rights to any inventions conceived during his employment which relate to the company's business. This agreement was renewed on May 31, 2000.

22. Article 5.2 also prohibits Edward Taylor's solicitation of Pacific Aerospace employees or customers during his employment, and for a period of two years after:

> The Employee agrees that during the Contract Term and for a period of two years after the expiration of the Contract Term . . . , he will not (i) directly or indirectly solicit, induce, or encourage any employee of the Company to leave his or her employment with the Company or interfere with any employment relationship between the Company and any of its employees, (ii) hire or encourage or assist any other person to hire any person who has been an employee of the Company within the previous three months, or (iii) have any contact, directly or indirectly, with any customers of the Company.

23. Defendant James Petri was employed by Pacific Aerospace in its Wenatchee offices from June 13, 1994, to August 22, 2002, when he resigned. From his hiring until the time he left Pacific Aerospace, he held the position of Engineering Manager. In this position, Petri was responsible for development of technology, process development, and mechanical design.

24. During the course of Petri's employment with Pacific Aerospace, he was entrusted with access to sensitive strategic and product development information, as well as the company's client and prospective customer lists, and other proprietary information about the company's business and intellectual property. Petri was given access to information about pricing, costs, and other sensitive information about the company business and its customers. He also participated in developing the engineering content of proposals to customers. Petri was entrusted with this information and with the company's client relationships in order to protect and further develop such relationships for the company's benefit.

Complaint for Injunctive Relief - 7

SEA 1288933v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

25. Like Taylor, Petri signed Invention and Confidential Information Agreement. In these agreements, Petri committed to maintain the secrecy of and not to use or disclose the company's confidential information, including customer information, except as authorized by the company and for its benefit. Petri agreed to keep in confidence and to refrain from disclosing such information both during and after his employment with the company. Petri also agreed to assign the rights to any inventions conceived of during the term of his employment and relating to the company's business to Pacific Aerospace.

26. Defendant Kristen Taylor began employment with Pacific Aerospace on April 16, 1990. Since 1993, she was employed in the document control department at Pacific Aerospace and held the position of Document Control Clerk. In this position, Kristen Taylor had access to customer lists and contact information contained in the company's computer system and other confidential information. Kristen Taylor (then using her maiden name, Kristen Cotton) also signed a valid Invention and Confidential Information Agreement prohibiting her disclosure of confidential information and requiring her to assign to the company any inventions she conceived while at Pacific Aerospace. Kristen Taylor resigned from Pacific Aerospace on September 6, 2002.

27. On information and belief, Edward Taylor, Kristen Taylor and James Petri used Pacific Aerospace computers to access, copy, and misappropriate the company's proprietary and trade secret information, without authorization, prior to resigning. Such information was accessed, copied and misappropriated for their own benefit and for the benefit of RAAD and for the purposes of competing with Pacific Aerospace. Among other things, using the company's computers Defendants took unauthorized copies of compilations of data about Pacific

Complaint for Injunctive Relief - 8

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

Aerospace's customers and prospects, including compilations of contact information and other valuable data.

28. On August 22, 2002, Edward Taylor and James Petri notified Pacific Aerospace that they intended to resign. They resigned that day and, on information and belief, immediately began working for RAAD. Kristen Taylor resigned on September 6, 2002, and on information and belief immediately begin working for RAAD.

29. Prior to their departure, Taylor and Petri were actively working against Pacific Aerospace's interests. Among other things, they refrained from telling Pacific Aerospace about inventions conceived in the time they had been working for Pacific Aerospace, because they wanted to use the inventions for their own purposes after leaving Pacific Aerospace.

30. Immediately after Taylor left Pacific Aerospace, he directly solicited a Pacific Aerospace sales representative to join him in working for RAAD.

31. On information and belief, RAAD knew that the Taylors and Petri had access to sensitive trade secrets and other confidential and proprietary information of Pacific Aerospace regarding its patented and proprietary technology, customers, pricing, customer service requirements, marketing plans, and the like, and sought to hire them in part because it expected they would bring that information with them to RAAD, in violation of their contractual, statutory, and common law obligations to Pacific Aerospace.

32. On information and belief, Defendants are using confidential and proprietary trade secret information obtained from or in the course of employment with Pacific Aerospace in their new positions at RAAD. Such information includes information about patented technologies, as well as customer information. This information is being used with knowledge by, and for the benefit of, RAAD.

Complaint for Injunctive Relief - 9

SEA 1288938v1 46269-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

33. Immediately after joining RAAD, Defendants began contacting Pacific Aerospace's customers. Such contacts have been made for the purpose of soliciting business for RAAD. Both Taylor and Petri have been involved in making such solicitations on RAAD's behalf.

34. Defendants have also solicited current Pacific Aerospace employees, attempting to cause them to leave Pacific Aerospace and join RAAD. Defendants have done so with knowledge by, and for the benefit of, RAAD.

35. Pacific Aerospace's trade secrets and other confidential and proprietary information are not generally known, and Pacific Aerospace makes reasonable attempts to protect the secrecy of its trade secrets and other confidential and proprietary information. The compilations of customer data, price lists, marketing and product development information, and other customer and marketing information are accessible only to Pacific Aerospace personnel with a business need to know it. Further, all employees are required to sign an Invention and Confidential Information Agreement as a condition of their employment. This agreement prohibits disclosure of the company's trade secrets and other confidential and proprietary information, including the technologies developed and used in conducting its business. Such technological and customer information is invaluable for businesses in Pacific Aerospace's industry, and it derives its value from its confidentiality.

36. Pacific Aerospace owns its relationships with its customers as a valuable asset. Pacific Aerospace entrusted Defendants Edward Taylor and Petri to deal with customers on its behalf. As an aspect of this job, Edward Taylor and Petri were expected to establish rapport and a relationship of trust with customers and potential customers in order to enhance Pacific Aerospace's business and to protect and increase the value of Pacific Aerospace's goodwill. These

Complaint for Injunctive Relief - 10

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

relationships are a valuable goodwill asset of Pacific Aerospace which it pays its employees to develop, promote, and protect.

37. Pacific Aerospace entrusted Defendants Edward Taylor, Kristen Taylor, and James Petri with its trade secrets, confidential and proprietary information, and customer relationships with the understanding that they would at all times keep them confidential and use them solely for Pacific Aerospace's purposes and not as a basis for personal gain.

38. Pacific Aerospace has a reasonable belief that Defendants are using Pacific Aerospace's confidential and proprietary information for their benefit, to the great prejudice of Pacific Aerospace, thereby causing irreparable harm.

39. Using the trade secrets and other confidential proprietary information they misappropriated, Defendants have already begun contacting Pacific Aerospace customers and employees in an attempt to divert their business from Pacific Aerospace to RAAD. They are attempting to develop technologies using inventions conceived at Pacific Aerospace, as well as trade secrets and other intellectual property belonging to Pacific Aerospace.

## IV. CLAIMS

**A. Breach of Contract (against Edward Taylor, Kristen Taylor, and James Petri)**

40. Pacific Aerospace realleges and incorporates the allegations as set forth above.

41. Edward Taylor, Kristen Taylor, and James Petri's use of trade secret and/or confidential and proprietary information obtained during and after their employment with Pacific Aerospace for their own benefit and for the benefit of RAAD is a violation of their respective employment agreements.

Complaint for Injunctive Relief - 11

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square - 1501 Fourth Avenue
Seattle, Washington 98101-1688

42. Edward Taylor's direct and indirect contact with and solicitation of Pacific Aerospace customers and employees is a violation of his employment agreements.

43. Edward Taylor's and James Petri's failure to assign inventions conceived during employment at Pacific Aerospace is a violation of their employment agreements.

44. Pacific Aerospace has been and will continue to be injured irreparably and otherwise, and Defendants will be unjustly enriched, if Edward Taylor, Kristen Taylor, and James Petri are not enjoined from further breaches of their agreements.

**B. Breach of Common Law Duties of Confidentiality and Loyalty (against Edward Taylor, Kristen Taylor, and James Petri)**

45. Pacific Aerospace realleges and incorporates the allegations as set forth above.

46. As employees and former employees of Pacific Aerospace with access to Pacific Aerospace's trade secrets and other confidential and proprietary information, Edward Taylor, Kristen Taylor, and Petri had a confidential relationship with Pacific Aerospace and a duty to maintain the secrecy of, and to protect from use or disclosure, its confidential information.

47. Edward Taylor, Kristen Taylor, and Petri had a confidential relationship with Pacific Aerospace and a duty not to misappropriate for themselves the goodwill and customer relationships that they were charged with maintaining and developing on Pacific Aerospace's behalf.

48. Edward Taylor, Kristen Taylor, and Petri owed Pacific Aerospace a duty of loyalty during the period of their employment.

49. Edward Taylor, Kristen Taylor and Petri breached their duties of loyalty and breached and continue to breach their duties of confidence by taking,

Complaint for Injunctive Relief - 12

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

11/26/2002 TUE 13:08 FAX                                              ⌀025/032
Case 2:02-cv-00412-AAM    ECF No. 1    filed 11/26/02    PageID.13    Page 13 of 20

using, and disclosing the trade secrets and other confidential and proprietary information belonging to Pacific Aerospace and by using such information on behalf of themselves and Defendant RAAD, and by misappropriating valuable customer relationships and goodwill.

50. As a result of these breaches, Pacific Aerospace has lost and will continue to lose the value of the trade secrets and other confidential and proprietary information that Edward Taylor, Kristen Taylor, and Petri possess and the value of the goodwill, economic relationships, and business opportunities it would have enjoyed but for their breach of their duties to Pacific Aerospace.

51. Pacific Aerospace has been and will continue to be injured irreparably and otherwise, if Defendants will be unjustly enriched, if Defendants are not enjoined from disclosing and using Pacific Aerospace's confidential and proprietary information for their own gain.

C. **Breach of Common Law Duties Regarding Ownership of Inventions (against Edward Taylor and James Petri)**

52. Pacific Aerospace realleges and incorporates the allegations as set forth above.

53. Pacific Aerospace hired and directed Edward Taylor and James Petri to create inventions for the company.

54. Taylor and Petri failed to assign and kept secret from Pacific Aerospace invention ideas they conceived during the time of their employment with Pacific Aerospace and which directly related to Pacific Aerospace's business.

55. They kept secret such invention ideas for the purpose of using them for their own benefit or for the benefit of a future employer.

Complaint for Injunctive Relief - 13

SEA 1285938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

56. Taylor and Petri have thus violated their common law duty to assign inventions to an employer who has hired or directed employees to invent on its behalf.

57. Pacific Aerospace has been and will continue to be injured irreparably and otherwise, and Defendants will be unjustly enriched, if Defendants are not enjoined from further breaches of their obligations.

### D. Tortious Interference (against RAAD)

58. Pacific Aerospace realleges and incorporates the allegations as set forth above.

59. Pacific Aerospace had a valid business relationship and contracts containing assignment of inventions, nonsolicitation, and confidentiality provisions with respect to Edward Taylor, and with assignment of inventions and confidentiality provisions with respect to Petri and Kristen Taylor.

60. Knowing of and about these relationships, the contracts, and the restrictive clauses, RAAD intentionally facilitated, encouraged, and induced Edward Taylor, Kristen Taylor and Petri to breach their contractual obligations and terminate their business relationships with Pacific Aerospace.

61. As a result of RAAD's intentional interference with the relationships and contracts between Pacific Aerospace and Edward Taylor, between Pacific Aerospace and Kristen Taylor, and between Pacific Aerospace and Petri, Pacific Aerospace has been and, unless Defendants are enjoined, will continue to be injured irreparably and otherwise, while RAAD will be unjustly enriched.

### E. Tortious Interference (against RAAD, Edward Taylor, Kristen Taylor, James Petri)

62. Pacific Aerospace realleges and incorporates by reference the allegations above.

Complaint for Injunctive Relief - 14

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

63. Pacific Aerospace had valid business relationships and business expectancies with customers and potential customers.

64. Knowing of and about these relationships and business expectancies, RAAD, Edward Taylor, Kristen Taylor, and Petri have intentionally intervened and are interfering with and appropriating them for the purpose of soliciting these customers and diverting their business for themselves, causing termination of and/or interference with Pacific Aerospace's relationships and expectancies.

65. As a result of Defendants' intentional interference with these relationships and expectancies, Pacific Aerospace has been, and unless Defendants are enjoined, and will continue to be injured irreparably and otherwise, while Defendants will be unjustly enriched.

**F.  Tortious Interference (against RAAD and Edward Taylor)**

66. Pacific Aerospace realleges and incorporates the allegations as set forth above.

67. Pacific Aerospace had a valid business relationship and contracts containing confidentiality provisions with respect to Petri and Kristen Taylor.

68. Knowing of and about their relationships, the contracts, and the restrictive clauses, RAAD and Edward Taylor intentionally facilitated, encouraged, and induced Petri and Kristen Taylor to breach their contractual obligations and terminate their business relationships with Pacific Aerospace.

69. As a result of RAAD's and Edward Taylor's intentional interference with these relationships and contracts, Pacific Aerospace has been and will continue to be injured irreparably and otherwise, while RAAD and Edward Taylor will be unjustly enriched.

Complaint for Injunctive Relief - 15

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

G. **Unfair Competition (against RAAD, Edward Taylor, Kristen Taylor, and James Petri)**

70. Pacific Aerospace realleges and incorporates by reference the allegations above.

71. RAAD engaged the services of Edward Taylor, Kristen Taylor, and Petri and they agreed to provide services to RAAD with the intent that they would use Pacific Aerospace's trade secrets and other confidential and proprietary information and intellectual property and misappropriate its business expectancies, in an effort to improve its competitive position with respect to Pacific Aerospace.

72. Edward Taylor, Kristen Taylor, and Petri's providing services to RAAD as well as information belonging to Pacific Aerospace is in violation of Defendants' respective contract, common law, and statutory duties owed to Pacific Aerospace.

73. As a result of Defendant's unfair competition, Pacific Aerospace has lost and will continue to lose the value of the confidential information that Defendants now possess and the value of the goodwill and the economic relationships that Pacific Aerospace would have enjoyed but for Defendants' breach of their respective duties, and Defendants have been unjustly enriched.

H. **Misappropriation of Trade Secrets (against RAAD, Edward Taylor, Kristen Taylor, and James Petri)**

74. Pacific Aerospace realleges and incorporates by reference the allegations above.

75. RAAD, Edward Taylor, Kristen Taylor, and Petri have willfully and maliciously misappropriated Pacific Aerospace's trade secrets in violation of applicable law, including the Washington Uniform Trade Secrets Act, RCW 19.108.010, *et seq.*

Complaint for Injunctive Relief - 16

SEA 128893v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

76. The confidential and proprietary information entrusted to Edward Taylor, Kristen Taylor, and Petri by Pacific Aerospace constitute trade secrets because Pacific Aerospace derives economic value from that information's not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and because the information was the subject of reasonable efforts to maintain its secrecy.

77. Edward Taylor, Kristen Taylor, and Petri were obligated to maintain the secrecy of that information. Nonetheless, they have breached their duties to Pacific Aerospace by taking and using Pacific Aerospace's trade secrets and other confidential and proprietary information in order to gain an unfair advantage for their new employer, RAAD, a competitor of Pacific Aerospace. Their breach of their duties in this regard were willful and malicious.

78. Prior to hiring Edward Taylor, Kristen Taylor, and Petri, RAAD was aware that they possessed trade secrets and other confidential and proprietary information belonging to Pacific Aerospace and that this information would be of immense value to RAAD if it obtained it. RAAD retained the services of Edward Taylor, Kristen Taylor, and Petri with the goal of obtaining and using for its own benefit the Pacific Aerospace trade secrets they possessed.

79. Defendants have been and continue to be unjustly enriched by their misappropriation and unauthorized use of Pacific Aerospace's trade secrets and, unless restrained, they will continue to use, divulge, and otherwise wrongfully exploit Pacific Aerospace's trade secrets. Pacific Aerospace has been injured, irreparably and otherwise, and is threatened with additional and ongoing injuries as a result of Defendants' misappropriation of Pacific Aerospace's trade secrets.

Complaint for Injunctive Relief - 17

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

### I. Civil Conspiracy (against RAAD, Edward Taylor, Kristen Taylor, and James Petri)

80. Pacific Aerospace realleges and incorporates by reference the allegations above.

81. Defendants Edward Taylor, Kristen Taylor, Petri and RAAD entered into an agreement to deprive and did deprive Pacific Aerospace of the benefits of its contractual and common law rights and of its trade secrets and other confidential and proprietary information, with the intent to injure Pacific Aerospace in its business.

82. As a result of the conspiracy by and among Edward Taylor, Kristen Taylor, Petri and RAAD, Pacific Aerospace has been and will continue to be injured irreparably and otherwise in its business, while Defendants have been and will be unjustly enriched.

### J. Conversion (against RAAD, Edward Taylor, Kristen Taylor, and James Petri)

83. Pacific Aerospace realleges and incorporates by reference the allegations above.

84. While still employed by Pacific Aerospace and acting as an agent of RAAD and immediately upon resignation from Pacific Aerospace, Edward Taylor, Kristen Taylor, and Petri willfully interfered with and deprived Pacific Aerospace of its trade secrets and other confidential and proprietary information when they took customer and other information and documents belonging to Pacific Aerospace without legal justification, permission, or authorization.

85. As a result of Defendants' conversion of Pacific Aerospace's property and intellectual property, Pacific Aerospace has been and will continue to be injured irreparably and otherwise, while Edward Taylor, Kristen Taylor, Petri and RAAD will be unjustly enriched.

Complaint for Injunctive Relief - 18

SEA 1288938v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

### K. Violation of the Computer Fraud and Abuse Act (against RAAD, Edward Taylor, Kristen Taylor, and James Petri)

86. Pacific Aerospace realleges and incorporates by reference the allegations above.

87. While still employed by Pacific Aerospace, but acting as an agent for RAAD, the Taylors and Petri obtained confidential and proprietary information belonging to Pacific Aerospace from the company's computers. Obtaining and using such information for any entity's benefit other than Pacific Aerospace exceeded their authority to use business computers, and was in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

88. Defendants' actions were intentional, and without Pacific Aerospace's knowledge, permission, or authorization.

89. As a result of Defendants' violation of the Computer Fraud and Abuse Act, Pacific Aerospace has suffered damage and loss and will continue to be injured irreparably, while Defendants will be unjustly enriched.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for the following relief:

A. That the court enter immediate and preliminary injunctive relief enjoining Defendants from further breaches of statutory, common law, and contractual duties and misappropriation of trade secrets and requiring the return of all Pacific Aerospace property and information;

B. An accounting and constructive trust over profits obtained as a result of Defendants' unlawful conduct;

C. Assignment, pursuant to the common law and the terms of their employment agreements, of all rights whatsoever in any inventions or other intellectual property conceived by any Defendant while employed by Pacific Aerospace;

Complaint for Injunctive Relief - 19

SEA 1288935v1 46289-23

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688

D.  For judgment against Defendants for damages, including damages for Defendants' unjust enrichment, in an amount to be proven at trial;

E.  For judgment against Defendants for all costs and attorneys' fees as authorized by applicable law;

F.  For such other and further relief as the Court may deem just or equitable.

DATED this 26th day of November, 2002.

Davis Wright Tremaine LLP
Attorneys for Plaintiff Pacific Aerospace & Electronics, Inc.

By _____
Harry J.F. Korrell, WSBA #23173
Douglas Morrill, WSBA #30476

Complaint for Injunctive Relief - 20

SEA 1288938v1 46289-23