FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
FEB - 6 2003
JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PACIFIC AEROSPACE & ELECTRONICS, INC.,

    Plaintiff,

v.

EDWARD TAYLOR, et al.,

    Defendant.

No. CS-02-412-FVS

ORDER DISMISSING THE DEFENDANTS' MOTION FOR RECONSIDERATION AND MOTION TO DISMISS

**THIS MATTER** is before the Court on the defendants' Motion for Reconsideration, Ct. Rec. 16, and Motion to Dismiss or in the Alternative to Limit Discovery to Issue of Federal Court Jurisdiction, Ct. Rec. 18.

**BACKGROUND**

On December 9, 2002, the defendants filed the Motion for Reconsideration, Ct. Rec. 16, of this Court's ex parte order granting the plaintiff's Motion for Expedited Discovery. That same day, the defendants filed the Motion to Dismiss or in the Alternative to Limit Discovery to Issue of Federal Court Jurisdiction, Ct. Rec. 18. The defendants filed an affidavit, Ct. Rec. 17, in support of the Motion for Reconsideration. However, the defendants never filed a memorandum of points and authorities in support of either motion. The defendants also never filed a notice setting the time, date and

ORDER DISMISSING THE DEFENDANTS' MOTION FOR RECONSIDERATION AND MOTION TO DISMISS - 1

place for a hearing on either motion. The plaintiff filed a response to the defendants' motions on December 12, 2002.

On January 13, 2003, the defendants filed answers to the plaintiff's complaint through defense counsel, David Sonn. Ct. Recs. 23 & 24. On January 24, 2003, Mr. Sonn withdrew and was replaced by Janyce Lynn Fink as counsel for the defendants. The defendants still have not noted or filed legal memoranda in support of their motions for Reconsideration and to Dismiss.

**DISCUSSION**

The Court's Local Rules (LR) require parties filing motions to serve and file "a memorandum setting forth the points and authorities relied upon in support of the motion", LR 7.1(b), and to "file a notice setting the time, date and place for a hearing on a motion", LR 7.1(h)(1). The Rules provide that "[a] failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default." LR 7.1(h)(5). In addition, LR 7.1(b) provides that "[a] failure to file a Notice of Hearing with a motion shall likewise be construed to be consent to the entry of an adverse order."

Therefore, because the Court finds that the defendants have not timely filed a memorandum or points and authorities in support of their Motion for Reconsideration, Ct. Rec. 16, or their Motion to Dismiss, Ct. Rec. 18, the Court determines that these motions should be dismissed pursuant to LR 7.1(h)(5). Furthermore, another

ORDER DISMISSING THE DEFENDANTS' MOTION FOR RECONSIDERATION AND MOTION TO DISMISS - 2

appropriate basis for dismissing the Motion for Reconsideration and Motion to Dismiss is the failure to file a Note of Hearing. See LR 7.1(b).

**IT IS HEREBY ORDERED** that:

1. The defendants' Motion for Reconsideration, Ct. Rec. 16, is **DISMISSED WITHOUT PREJUDICE**. The Court expressly grants the defendants leave to renew the Motion for Reconsideration when appropriate.

2. The defendants' Motion to Dismiss or in the Alternative to Limit Discovery to Issue of Federal Court Jurisdiction, Ct. Rec. 18, is **DISMISSED WITHOUT PREJUDICE**. The Court expressly grants the defendants leave to renew the Motion to Dismiss or in the Alternative to Limit Discovery to Issue of Federal Court Jurisdiction when appropriate.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 6th day of February, 2003.

*Fred Van Sickle*
Fred Van Sickle
Chief United States District Judge

ORDER DISMISSING THE DEFENDANTS' MOTION FOR RECONSIDERATION AND MOTION TO DISMISS - 3